UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TODD HORSLEY, ) | CASE NO. 1:05 CV 2759 |
| ) | |
| Petitioner, ) | JUDGE KATHLEEN M. O'MALLEY |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| JULIUS WILSON, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On November 29, 2005, petitioner pro se Todd Horsley filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Horsley is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of attempted murder in December 2000. The trial court imposed a sentence of eight years incarceration. In September 2004, Horsley filed a Motion to Withdraw Guilty Plea in the Ohio Court of Common Pleas, which was denied on October 22, 2005. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that almost four years passed from the date of his conviction to the filing of Horsley's petition. His 2004 postconviction motion cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action. Thompson v. Chandler, 55 Fed.Appx. 758, 2003 WL 343249 (6th Cir. Feb. 12, 2003); cf. Searcy v. Carter, 246 F.3d 515 (2001)(delayed appeal). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of a basis for tolling the one year statute of limitations. Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: January 18, 2006